EMANUEL FREEDMAN, as Administrator, etc., of ARTHUR FREEDMAN, Deceased, Respondent, *v.* BUFFALO GENERAL ELECTRIC COMPANY, Appellant.

Fourth Department, November 27, 1918.

**Gas and electricity — negligence — death from contact with wire cable used for raising and lowering electric street lamp — evidence establishing actionable negligence — deliberate and voluntary touching of cable without knowledge of its dangerous condition not a bar to recovery.**

Where, in an action for the death of plaintiff's intestate by coming in contact with a wire cable charged with a deadly current of electricity, it appeared that the cable was used for raising and lowering an electric street lamp

belonging to the defendant and was not intended to transmit electricity; that there were two circuit breakers in the cable, one near the top of the pole which was defective and the other about seven feet from the ground; that for a week or more before the accident sparks were emitted when the cable came in contact with the iron projections on the pole and several persons were shocked by taking hold of the cable; that the defendant's repairman had been notified that the lamp was out of order and dangerous and similar information had been communicated to the defendant by telephone several days before the accident; that the intestate was last seen alive about nine o'clock in the evening, not far from the pole from which the street lamp was suspended, and the next morning his body was found at the foot of the pole with both hands and the soles of his shoes burned, and that there was no eye-witness to the accident and no direct evidence as to what the intestate was doing at the time or how he came in contact with the cable, the circumstances are sufficient to warrant a finding of actionable negligence.

The fact that the plaintiff's intestate touched the cable without any knowledge on his part of its dangerous condition does not necessarily preclude a recovery, though he did so deliberately and voluntarily.

The trial court did not err in declining to charge that " if the jury find that the deceased touched this wire at any point above the lower circuit breaker deliberately of his own free act, plaintiff cannot recover."

DE ANGELIS, J., dissented in memorandum.

APPEAL by the defendant, Buffalo General Electric Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 21st day of February, 1918, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 3d day of April, 1918, denying defendant's motion for a new trial made upon the minutes.

*Ulysses S. Thomas,* for the appellant.

*Hamilton Ward* [*Dana L. Spring* of counsel], for the respondent.

KRUSE, P. J.:

The plaintiff's intestate came to his death by coming in contact with a wire cable charged with a deadly current of electricity. The cable was used for raising and lowering an electric street lamp belonging to the defendant. It was not intended to transmit electricity. The plaintiff contends that it was a menace to the safety of persons having occasion to use the street, and that the defendant is legally responsible for the death of the intestate.

The lamp hung over the street; it was suspended from an arm attached to a pole. The pole was located between the curb and the sidewalk. The cable extended from the lamp over a pulley along the arm, over another pulley to the pole and down the side of the pole to within a few feet of the ground. There were two circuit breakers in the cable, which were intended to guard against the cable becoming charged with electricity, one near the top of the pole, which concededly was defective, and the other about seven feet from the ground. For a week or more before the accident sparks were emitted when the cable came in contact with the iron projections on the pole, and several persons were shocked by taking hold of the cable.

It also appears that the defendant's repairman had been notified that the lamp was out of order and dangerous, and similar information had been communicated to the defendant over the telephone several days before the accident.

The deceased, a young man twenty-one years of age, was a soldier in camp near the place where the accident happened. He had been on duty the day of the accident at a railroad bridge nearby, and was last seen alive about nine o'clock in the evening, on the sidewalk, with a lighted lantern, not far from the pole from which the street lamp was suspended. The next morning his body was found at the foot of the pole. Near his body lay the lantern unlighted and blackened. His left hand was severely burned and the other was also burned somewhat, and so were the soles of his shoes.

There was no eye witness to the accident and no direct evidence as to what he was doing at the time of the accident, or how he came in contact with the cable. He may have taken hold of the wire for the purpose of bringing on the light, as is contended, or he may have been standing against the pole and put his hand unconsciously on the cable.

These circumstances, unexplained, are sufficient to warrant a finding of actionable negligence. (*Bennett* v. *International R. Co.*, 180 App. Div. 460.)

The defendant seeks to explain the accident in this way: This lamp for a week or more before the accident did not light when the current was turned on, and persons were in the habit of shaking or jerking the cable to light it, and it is

argued that the deceased came to his death in an attempt to light the lamp in this way, and that he must have come in contact with the cable at some point above the lower circuit breaker, which was seven feet and two inches above the ground, because, as it is claimed, the lower circuit breaker was in good condition and prevented the current from extending below it. The deceased was five feet ten inches tall, and it is conceded he could easily reach above the lower circuit breaker.

But it is nevertheless contended that if the deceased voluntarily touched the cable above the lower circuit breaker, even though he had no information that it was dangerous at that point, he became a trespasser and no recovery can be had for his death. Furthermore, no actionable negligence is established because the defendant could not reasonably anticipate that any one would come in contact with the cable at this point. These questions were raised by numerous exceptions on the trial. Various requests to charge were made by the defendant, and after an extended colloquy between the presiding judge and counsel, defendant's counsel made a final request in this form: " If the jury find that the deceased touched this wire at any point above the lower circuit breaker, deliberately of his own free act, plaintiff cannot recover," which was declined and an exception taken. I do not think the trial judge erred in declining to charge this or the other similar requests.

Touching the cable without any knowledge on his part of its dangerous condition does not necessarily preclude a recovery though he did so deliberately and voluntarily. I am also of the opinion that a case of actionable negligence was made up.

In *Braun* v. *Buffalo General Electric Co.* (200 N. Y. 484) it appeared that a carpenter was working upon a building in process of construction located upon land of a third person. The defendant's electric line extended over the premises. As the work progressed the carpenter came nearer to the defendant's lines and finally they came within his reach. He took hold of two of the lines upon which the installation was defective and was killed. Both the deceased workman and the electric light company were rightfully upon the premises.

It was held, reversing a nonsuit, that if an electric light company, maintaining wires for carrying high tension currents of electricity, is reasonably chargeable with knowledge, or, in the exercise of reasonable prudence, is bound to anticipate, that people may lawfully come in close proximity to its wires, either for purposes of business or pleasure, it is under obligation to exercise care to keep the wires in a safe condition.

I think this case falls within the principle of the *Braun* case, that the evidence supports the verdict, and that no error was committed so prejudicial as to require a new trial. The judgment and order should, therefore, be affirmed, with costs.

All concurred, except DE ANGELIS, J., who dissented in a memorandum.

DE ANGELIS, J. (dissenting):

At the close of the defendant's requests to charge and the ruling of the court thereon the record shows this: " Mr. Thomas: Well, let me put it this way. If the jury find that the deceased touched this wire at any point above the lower circuit breaker, deliberately of his own free act, plaintiff cannot recover.   The Court: I think that I shall decline to change my charge with reference to that subject as I have discussed it with the jury. Mr. Thomas: Grant me the exception to the refusal to charge as requested.   The Court: I have said the same thing as you, although in different form and different language, but I do not want to pass on this question as a matter of law.   I do not want to say that he is a trespasser or a volunteer, but let the jury determine whether he is or not.   Mr. Thomas: I am not asking you to do that.   I am asking if the jury find that he voluntarily, as a volunteer, deliberately touched this wire at a point seven feet two inches above the ground, the plaintiff cannot recover — as a volunteer.   The Court: No, I shall not change my charge in that respect. Mr. Thomas: Grant me an exception."

The deceased was five feet and ten inches in height.   The jury might have found from the evidence that the cable which carried the deadly current of electricity was seven feet and two inches above the ground, and that the deceased must

Fourth Department, November, 1918.    [Vol. 185.

have reached that distance from the ground to have received the shock resulting in his death, that his act in so reaching up to the cable was voluntary and conscious, and not such an act as would naturally have been anticipated by the defendant in the ordinary use of the sidewalk or highway. In this connection we should remember that ordinary doorways are less than seven feet and two inches in height. In this view of the case I think that the defendant was entitled to have the jury instructed as requested and that the learned trial court erred in refusing to instruct the jury as requested.

It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

Judgment and order affirmed, with costs.